UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JHON VILLAMIZAR, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-02762 |
| | § | |
| ACTION LANDSCAPING, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the defendants', Action Landscaping, Inc. ("Action Landscaping") and Jeff Graebert ("Graebert") (collectively, the "defendants"), motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 6). The plaintiff, Jhon Villamizar, (the "plaintiff"), has filed a response in opposition to the defendants' motion to dismiss. (Dkt. No. 8). After having carefully considered the motion, response, the pleadings and the applicable law, the Court determines that the defendants' motion to dismiss for lack of subject matter jurisdiction should be **DENIED**, as more fully explained below.

In the case *sub judice*, the plaintiff alleges that he was employed by the defendants as a residential landscaping supervisor from January 10, 2014 to August 20, 2014. During this time, he alleges that he consistently worked in excess of 40 hours per week, but failed to receive overtime compensation as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In order to establish a claim for overtime compensation under the FLSA, a plaintiff is required to establish that he was an "employee[] engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029,

1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). The FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> (a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A).

The defendants now move to dismiss the plaintiff's claims, arguing that they are not "an enterprise engaged in commerce" within the meaning of the FLSA. The defendants, by way of their motion, seem to suggest that the "enterprise engaged in commerce" requirement is a jurisdictional prerequisite rather than merely an element of the plaintiff's FLSA claim. Thus, they maintain that they are not subject to the FLSA and this Court lacks subject matter jurisdiction over the plaintiff's claims.

This Court finds the defendants' jurisdictional argument unavailing in light of the United States Supreme Court's decision in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed.2d 1097 (2006). In *Arbaugh*, when determining "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief", the Supreme Court explained:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh*, 546 U.S. at 515 – 516, 126 S. Ct. at 1245 (internal citations omitted).

This same reasoning has consistently been applied to find enterprise coverage as an element of a plaintiff's FLSA claim rather than as a jurisdictional prerequisite. *See, e.g., Holland v. DA Tencil, Inc. et al.*, No. 3:14-CV-86, 2014 WL 3588520, *2 (July 21, 2014) ("Given the similarity between the FLSA's gross-sales requirement and Title VII's fifteen-employee requirement, the same result is warranted here."); *Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-CV-4268-D, 2014 WL 840052, *3 (N.D. Tex. Mar. 4. 2014) ("[T]he FLSA provisions addressing enterprise coverage contain no language suggesting that the limitation on coverage is jurisdictional. And under *Arbaugh*'s bright-line rule, in the absence of such language, the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite." (internal quotation marks and citations omitted)); *Hernandez v. Art Deco Supermkt.*, No. 13-20705-CIV, 2013 WL 5532828, *2 (S.D. Fla. Oct. 4, 2013) ("[T]he interstate commerce requirements underlying both the individual and enterprise coverage claims are elements of the cause of action, not jurisdictional prerequisites.") Therefore, the defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

It is so **ORDERED**.

SIGNED on this 23rd day of January, 2015.

_____
Kenneth M. Hoyt
United States District Judge